Filed 2/4/26  P. v. Beckkoch CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MALLORY J. BECKKOCH,<br><br>    Defendant and Appellant. | G065307<br><br>(Super. Ct. No. 24CF0293)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

In 2024, a jury found defendant Mallory J. Beckkoch guilty of one count of grand theft (Pen. Code, § 487, subd. (a); count 1),[1] one count of identity theft (§ 530.5, subd. (a); count 2), and one count of theft from an elder or dependent adult (§ 368, subd. (d)(1); count 3). The court then placed defendant on probation for two years. It also stayed sentences on counts 2 and 3 pursuant to section 654 and ordered defendant to pay various fines and fees.

Defendant filed a notice of appeal, and her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel appears to have identified one potential issue to assist in our independent review: whether the evidence was insufficient to support the jury's guilty verdicts.[2] Defendant was given the opportunity to file written argument on her own behalf and has done so. The issues defendant raises are described below.

We have reviewed the briefs and have examined the record in accordance with our obligations under *Wende* and *Anders.* We find no arguable issues on appeal and therefore affirm.

---

[1] All further statutory references are to the Penal Code.

[2] Appointed counsel specifically states: "The following information about claims appearing in the record is provided pursuant to [*Anders*] . . . to assist the court in conducting its independent review of the record: insufficient to support the jury's guilty verdicts."

STATEMENT OF FACTS
I.

PROSECUTION CASE

In January 2023, the victim, a 71-year-old man, reported fraudulent bank activity on his account. The police investigated three unauthorized charges on his account: (1) $1,481.78 for Phyllisophical (a women's clothing store); (2) $127.66 for Monat Global (a health and wellness business); and (3) $25 for PayRange Mobile (a mobile laundry payment application). The former charge was made on January 17, 2023.

The police then spoke with the owner of Phyllisophical and requested the receipt for the $1,481.78 charge along with surveillance video. The receipt indicated "'[b]ill to Mallory Beck.'" The surveillance video was no longer available for the police to review, but the store owner previously reviewed the video footage and testified that it depicted defendant. Another store employee testified that she had helped defendant and recognized the receipt. Defendant had been to the store multiple times before the incident.

In March 2023, the store owner told a police investigator that defendant was back at the store. The investigator arrived and spoke to defendant. She allowed the investigator to look at a mobile payment application called Cash App on her phone, and the investigator saw the victim's debit card linked to defendant's Cash App account.

The victim testified he met defendant in 2013, and he introduced her to her current husband. Defendant visited the victim several times at his home. The victim also testified he had never given his debit card to defendant and did not use online banking or Cash App. He could think of one time when he had given cash to defendant to buy something for him from a store. He

3

denied purchasing anything from Phyllisophical, Monat Global, or PayRange Mobile.

## II.

### DEFENSE CASE

Defendant testified she met the victim in 2014, and the victim introduced her to her current husband. Defendant and her husband lived near the victim in Tustin, and defendant occasionally helped the victim with chores and errands. The victim gave cash or his debit card to defendant for his errands. Defendant used the debit card about five times and testified that she never used it without the victim's permission.

Defendant further denied entering Phyllisophical or making purchases at the store in January 2023. Although she initially told police that she had made a purchase at the store in January 2023, she testified this was an "untruthful comment" intended "to appease" the police because she "felt trapped in a corner." She insisted she was at work on the day of the incident. She also denied signing the receipt and testified that she did not go by the name Mallory Beck.

Defendant likewise denied using her Cash App to take money from the victim's account. She suggested another man had set up her Cash App and may have saved the victim's debit card number. She did not know why she told police that the only reason she would have saved the victim's debit card on her Cash App would be to buy things for him. As to PayRange Mobile, defendant noted she used the payment application to do her laundry. Finally, she admitted to purchasing products from Monat Global but claimed it was with her own money.

4

## DISCUSSION

Defendant's appointed counsel appears to suggest we consider whether the evidence is insufficient to support the jury's guilty verdicts. In her supplemental brief, defendant similarly contends the prosecution did not meet its evidentiary burden and that the guilty verdicts "rested solely on unsubstantiated accusations."

In addressing a claim of insufficient evidence, "we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Hubbard* (2016) 63 Cal.4th 378, 392.) "[I]t is the jury, not the reviewing court, that must weigh the evidence, resolve conflicting inferences, and determine whether the prosecution established guilt beyond a reasonable doubt." (*Ibid.*) "If the finder of fact's determination is supported, whether the prosecutor relied upon direct or circumstantial evidence, we have held that reversal is not warranted, even where "'the circumstances might also reasonably be reconciled with a contrary finding.""" (*People v. Vargas* (2020) 9 Cal.5th 793, 820.)

Here, there was substantial evidence to support the jury's guilty verdicts. The victim, who was around 71 years old at the time, testified there were fraudulent charges on his account, including a $1,481.78 charge at a women's clothing store. The receipt for that purchase referenced defendant's name, and the store owner testified she reviewed surveillance footage depicting defendant. Another employee had seen defendant at the store on several occasions. There also was evidence defendant had access to the

5

victim's debit card for certain errands, and the victim's debit card was linked to defendant's Cash App account.

In her supplemental brief, defendant argues the victim and other witnesses deliberately provided false testimony. She accordingly claims she was deprived of a fair and impartial trial and suggests a new trial is warranted. But defendant does not identify the allegedly false testimony, explain how any alleged falsity was material, or suggest the prosecution knowingly presented false testimony. Regardless, our review of the record reveals no indication the jury was misled or that defendant was deprived of a fair and impartial trial. Defendant had an opportunity to testify and present her version of what happened. Issues of witness credibility are for the jury to resolve. (*People v. Maury* (2003) 30 Cal.4th 342, 403.)

We have further reviewed the record in accordance with our obligations under *Wende* and find no other arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

6